**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELSEY GOLDMAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO.: 3:26-cv-01022-LJC<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE ADMINISTRATIVE RECORD UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5**<br><br>*Honorable Lisa J. Cisneros* |

This matter involves the review of a denial of long-term disability, disability plus and life-waiver of premium benefits under a group insurance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). In support of the upcoming cross-motions for judgment, the Parties will be citing to and relying upon Plaintiff's claim files with Unum Life Insurance Company of America ("Unum"), also known as the "Administrative Record" ("AR"). In anticipation of those motions, Plaintiff has filed an administrative motion to file under seal the AR, which contains a voluminous amount of private medical information, including medical information not germane to the action. No party in this action sought to seal any information referenced in the parties' briefs or the Court's opinions.

/ / /

/ / /

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*.

## II. ANALYSIS

The Court applies the "compelling reasons" standard to Plaintiff's request to seal the AR because it is more than tangentially related to the underlying cause of action. The AR contains highly sensitive and otherwise confidential medical records and documents. And the Court finds, at this time, that the public's interest in disclosure of this information is generally low because information in the files germane to the merits of this case will be outlined discussed and assessed

in the parties' respective pleadings and will not be sealed. The Court thus finds that the sensitive nature and intended confidentiality of this information meets the compelling reasons standard. Accordingly, the Court **GRANTS** the motion to seal. The Parties are advised that modifications to the sealing order may be required upon reviewing the merits.

**IT IS SO ORDERED.**

DATED: October 20, 2026

Honorable Lisa J. Cisneros
United States Magistrate Judge